IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRANDON BURNS,**                                                                 **PLAINTIFF**
*on behalf of Brianna Burns, a minor*

v.                               CASE NO. 4:24-CV-00238-BSM

**SEAN CALAWAY,** *et al.*                                                         **DEFENDANTS**

## ORDER

Defendants' motion for summary judgment [Doc. No. 17] is granted and Brandon Burns's motions to amend the complaint [Doc. Nos. 14 and 21] are denied.

## I. BACKGROUND

This is a tragic case. When viewed in the light most favorable to plaintiff, the non-moving party, the essential facts are as follows. April Sills left her home after 1:00 a.m. to walk seventy miles from Jonesboro, Arkansas to Memphis, Tennessee. Plaintiff's Statement of Disputed Facts ¶¶ 1–2, Doc. No. 24. A number of reports were made to 911 that Sills was walking on the freeway in a prohibited area. *Id.* Craighead County Sheriff's deputies Sean Calaway and Charles Fears were dispatched and, on two occasions between 1:23 a.m. and 3:18 a.m., drove to the scene and spoke with Sills. *Id.* ¶¶ 3–7. On each occasion, the deputies cleared the scene but did not take Sills into custody, and at approximately 3:30 a.m., Sills was struck and killed by a car. *Id.* ¶ 8.

Brandon Burns, who has a minor daughter with Sills, is suing on behalf of their daughter. Defendants are moving for summary judgment because Burns, on behalf of his daughter, does not have standing to sue.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Defendants' motion for summary judgment is granted because Burns does not have standing to bring this case. This is true because only the personal representative of Sills's estate or if there is no personal representative, Sills's heirs at law may bring a wrongful death action on her behalf. *Williams v. Bradshaw*, 459 F.3d 846, 848 (8th Cir. 2006); Ark. Code. Ann. § 16-62-102 (b). Burns lacks standing because he is not Sills's heir, and because he filed this case on behalf of Brianna and not as the personal representative of Sills's estate. *See* Pl.'s Mot. Leave Court Attach First Am. Compl., Ex. A, Pet. Appointment personal Representative Estate April Shamere Sills, Deceased, Doc. No. 21 (showing Sills had more than one child).

Unfortunately for Burns, his motion to amend the complaint to remedy this defect is denied because the time for doing so has expired. *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81 (8th Cir. 1992) (personal injury statute of limitations is three years which also applied to section 1983 claims); Ark. Code. Ann. § 16-56-105. Indeed, the proposed amendment would constitute a new lawsuit which would be time-barred. *Rhuland v. Fahr*, 155 S.W.3d 2, 8 (Ark. 2004) (substitution of entirely new plaintiffs results in the filing of a new suit and [does] not constitute an amendment under Rule 15). This is the case because Brandon Burns on behalf of Brianna Burns is a different legal person than Brandon Burns as the personal representative of the estate of April Sills. *St. Paul Mercury Ins. Co. v. Cir. Ct. of Craighead Cnty., W. Div.*, 73 S.W.3d 584, 589 (Ark. 2002).

## IV. CONCLUSION

For these reasons, defendants' motion for summary judgment is granted and Burns's motions to amend are denied

IT IS SO ORDERED this 17th day of September, 2025.

_____
UNITED STATES DISTRICT JUDGE